| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Cornell R. Graham, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-4:10-cv-01013 |
| Michael J. Astrue | § § § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

The question is whether substantial evidence supports the administration's decision that Cornell Graham is not disabled under the Social Security Act. The evidence does support the administration's decision.

2. *Standard of review.*

Graham brought this action for judicial review of the administration's decision to deny him disability insurance benefits. Judicial review is limited to determining if there is substantial evidence in the record to support the administration's decision.[1] This is a level of proof that a reasonable mind would accept as sufficient to support a conclusion.[2]

3. *Statutory criteria.*

The law uses a five-step evaluation process to determine whether a person is disabled. First, a person is not disabled if he can do substantial gainful activity. Second, a person is not

---

[1] *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

[2] *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

disabled unless he has been physically or mentally impaired for at least twelve months. Third, a person is not disabled unless his impairment meets one listed in appendix 1 of the regulation. Fourth, a person is not disabled if he can perform his past work. Fifth, a person is not disabled if he can make an adjustment to other work.[3]

4. *Evidence.*

   A. *Background.*

   Graham is a 56-year-old man who says that he is physically disabled by bladder cancer in remission, high blood pressure, diabetes, insomnia, and incontinence. He says these conditions affect his ability to see, walk, and stand for long periods.

   Graham has a high-school education. He has worked as a mechanist, truck driver, and trucking business manager. When he applied for social security on October 17, 2008, he said his disability began in August of 2007.

   The hearing officer found that Graham's disability did not meet a listed impairment. He decided that Graham could perform his past work as a manager that required a medium level of exertion.

   B. *Application.*

   The administration properly found that Graham was not disabled. The five-step evaluation process was used. First, Graham has not performed substantial gainful activity. Second, he has been physically impaired for more than twelve months. The administration found that Graham's diabetes, hypertension, fatigue, bladder cancer in remission, insomnia, and obesity were severe impairments. Third, while his impairments are severe, they do not meet the requirements of any listed impairment. Fourth, the administration correctly found that Graham would be able to perform his past work because it determined his medical conditions can be remedied by either surgery, treatment, or medication, and because the examiner reported that Graham was asymptomatic and did not suffer from disabling pain. Fifth, Graham concedes that he is capable of lifting up to thirty pounds, can walk about one-half of a mile, and can drive suggesting he can adjust to other forms of work.

   To determine whether Graham was disabled, the administration evaluated his medical records, fatigue from medication, and residual functional-capacity assessment. He says that he

---

[3] 20 C.F.R. § 416.920(a)(4)(iii) (2012).

is unable to work because he is in disabling pain; however, he is capable of taking care of his personal needs, riding a bike, shopping for clothing, and doing laundry. He also testified that he helps take care of his aunt and uncle regularly. The evidence supports the administration's decision that Graham's impairments are not disabling and that he is capable of performing his past work.

5.  Conclusion.

The administration's decision denying Graham's claim for disability insurance benefits is supported by substantial evidence and will be affirmed. Cornell Graham will take nothing from Michael Astrue.

Signed on June 19, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge